IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


**DEMETRIUS STRAUGHTER,**

**Plaintiff,**

**v.**                                                          **Nos. 13-0800-DRH &**
                                                                **13-0804-DRH**
**PEPSI MIDAMERICA, CO.,**
**et al.,**


**Defendants.**

**ORDER**

**HERNDON, Chief Judge:**

Pending before the Court is Straughter's May 30, 2014 pro se motion for judgment to not be dismissed in this case with prejudice which the Court construes as a motion to reopen the case (Doc. 33).[1] Straughter's pleading merely states without factual support that these cases should be reopened because his due process rights have been violated. Defendants filed sealed objection to motion (Doc. 36). Based on the following, the Court denies the motion.

On February 5, 2014, Magistrate Judge Philip M. Frazier held a status conference in these cases and the parties were present (Doc. 30). During the status conference, the parties settled the claims contained in both cases. Thereafter, on February 6, 2014, the 60 Day Order was entered noting that the cases had settled and informing the parties that judgment would be entered after

---

[1] The Court notes that it is utilizing the document numbers filed in 13-0800-DRH. These same documents were filed in 13-0804-DRH.

60 days (Doc. 31). The Order also informed the parties that if they failed to consummate settlement within the 60 days, they may petition the Court to delay entry of judgment. On April 14, 2014, the Clerk of the Court entered judgment dismissing the cases with prejudice as none of the parties moved for additional time to consummate settlement (Doc. 32). Subsequently, Straughter filed the motion to reopen on May 30, 2014 (Doc. 33). Defendants oppose the motion (Doc. 36).

Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; newly discovered evidence that could not have been discovered within the 28–day deadline for filing a Rule 59(b) motion; a judgment that is void or has been discharged; or for any other reason that justifies relief. However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.,* 214 F.3d 798, 801 (7th Cir. 2000) ("A collateral attack on a final judgment is not a permissible substitute for appealing the judgment within the time, standardly 30 days, for appealing the judgment of a federal district court."); *Parke–Chapley Constr. Co. v. Cherrington,* 865 F.2d 907, 915 (7th Cir.1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from

clerical mistakes caused by inadvertence, especially where the FRCP 60(b) motion is filed after the time for appeal has expired").

Here, Straughter has not presented anything (evidence or case law) to the Court that would warrant reopening these cases. He merely asserts that his due process rights have been violated and that "I haven't signed anything stating this case was over, the Court or the Clerks [sic] office closed my case due to docket control." Despite these assertions, the evidence submitted by defendants illustrates the opposite. In the objection, defendants attached a copy of the settlement agreement and general release signed by all parties, including Straughter, pertaining to these cases.[2] The objection also includes a copy of the settlement check made payable to plaintiff. Clearly, these documents reveal that these cases are settled and that Straughter waived and released any and all claims related to these cases. Obviously, Straughter has not met the requirements to reopen the case under Rule 60(b).

Accordingly, the Court **DENIES** the motion to reopen the case (Doc. 33).

**IT IS SO ORDERED.**

Signed this 10th day of July, 2014.

Digitally signed by David R. Herndon
Date: 2014.07.10 11:46:00 -05'00'

**Chief Judge
United States District Court**

---

[2] Straughter signed the settlement agreement and the general release on February 11, 2014.